```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

JOSEPH EDWARD SNYDER,        )
                             )     Civil No. 04-1163-MO
          Petitioner,        )
                             )
     v.                      )
                             )
GUY HALL,                    )
                             )     OPINION AND ORDER
          Respondent.        )
```

    Francesca Freccero
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

          Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

          Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this 28 U.S.C. § 2254 habeas corpus action attempting to challenge the validity of eight state felony convictions on various federal constitutional grounds. Because this action was not timely filed, the Petition for Writ of Habeas Corpus (#2) is denied, and this case is dismissed with prejudice.

## BACKGROUND

On June 18, 1996, petitioner was convicted of Rape in the First Degree (2 counts), Sodomy in the First Degree (two counts), Kidnaping in the First Degree, Sexual Abuse in the First Degree (two counts), and Burglary in the First Degree. Respondent's Exhibit 101. As a result, petitioner was sentence to a total of 490 months in prison. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. State v. Snyder, 151 Or.App. 464, 951 P.2d 204 (1997), rev. denied, 327 Or. 583, 971 P.2d 411 (1998). The appellate judgment issued on November 18, 1998.

On May 24, 2000, petitioner signed and mailed a petition for post-conviction relief ("PCR"), but the PCR trial court denied relief on all claims. Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the lower court without opinion in Snyder v. Hill, 189 Or.App. 491, 76 P.3d 690 (2003). Petitioner did not seek

2 - OPINION AND ORDER

review by the Oregon Supreme Court, and the appellate judgment issued on November 3, 2003. Respondent's Exhibit 106.

On July 19, 2004, petitioner signed and mailed his federal Petition for Writ of Habeas Corpus to the court, missing the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations by 386 days. Petitioner concedes that he did not timely file this case, but asks the court to excuse this deficiency because: (1) he misunderstood the federal filing deadline based on erroneous advice rendered by his direct appellate attorney; and (2) the two-year statute of limitations for filing a PCR action in Oregon creates an unfair trap for inmates who wish to later pursue federal habeas corpus relief, thereby unlawfully suspending the habeas corpus remedy.

## DISCUSSION

While the parties agree that this case was not timely filed, they disagree as to whether equitable tolling is appropriate. Although the Ninth Circuit has authorized equitable tolling, it is not available in most cases. Equitable tolling is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir.

3 - OPINION AND ORDER

2001); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Calderon v. United States District Court, 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court, 163 F.3d 530 (9th Cir. 1998)(en banc), cert. denied, 526 U.S. 1060 (1999).

Petitioner's direct appellate attorney provided him with materials to initiate a state PCR action and "suggest[ed] that [petitioner] file the petition as soon as possible after the [direct] appellate judgment issued." Petitioner's Attachment 2. Counsel informed petitioner that he was allowed two years in which to file a PCR petition in Oregon's courts, and that his failure to do so would mean that he would be unable to challenge his sentence in the state court, and "may be denied in federal court for failure to pursue state remedies." Id.

Petitioner claims that reference to only a two-year statute of limitations while speaking about both state PCR and federal habeas corpus proceedings implied that the two-year statute of limitations applied to both forms of relief. He therefore argues that the court should equitably toll AEDPA's one-year statute of limitations based on counsel's allegedly erroneous advice.

Nothing in counsel's letter constituted erroneous advice. Petitioner is allowed two years to file a PCR action in Oregon's state courts, and his failure to file a PCR action might preclude him from succeeding in a federal habeas corpus case. While counsel

4 - OPINION AND ORDER

did not affirmatively advise petitioner of AEDPA's one-year statute of limitations,[1] the Ninth Circuit has held that even an attorney's "miscalculation of the limitations period . . . and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002). Accordingly, the content of counsel's letter to petitioner cannot justify equitable tolling.

Petitioner also, for preservation purposes, argues that holding him to AEDPA's one-year statute of limitations in the face of the two-year limitation period in Oregon's PCR courts violates the Suspension Clause. AEDPA's one-year limitation period violates the Suspension Clause only if it renders the remedy of habeas corpus "inadequate or ineffective" to test the legality of a petitioner's detention. Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (quoting Swain v. Pressley, 430 U.S. 372, 381 (1977)).

As petitioner recognizes, the Ninth Circuit has rejected the argument he raises here, holding that "AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or

---

[1] It is noteworthy that counsel was representing petitioner during direct review, and was therefore concerned with the next logical step in petitioner's case: state post-conviction review.

5 - OPINION AND ORDER

ineffective remedy." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).

Because AEDPA's one-year statute of limitations does not constitute an unlawful suspension of the writ as applied to Oregon prisoners, and since equitable tolling is not appropriate in this case, the Petition for Writ of Habeas Corpus is denied on the basis that it is untimely.

### **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus is DENIED, with prejudice.

IT IS SO ORDERED.

DATED this <u>  26  </u> day of September, 2006.

          <u>  /s/Michael W. Mosman  </u>
          Michael W. Mosman
          United States District Judge

6 - OPINION AND ORDER